UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 23-cr-96 (RDM) |
| | : | |
| BRIAN SCOTT MCGEE | : | |
| | : | |
| and | : | |
| | : | |
| JEREMEY CHRISTIAN HARRISON, | : | |
| | : | |
| Defendants. | : | |

**UNOPPOSED MOTION TO CONTINUE STATUS HEARING
AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by and through the United States Attorney, hereby submits this motion and requests that the Court continue the status heating currently scheduled for June 2, 2023. The United States further moves this Court to exclude the time from the date this Court enters an Order on this motion through and including the date of the next hearing, from the time within which the trial in this matter must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the Defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). The Government states as follows:

**FACTUAL BACKGROUND AND CURRENT CASE STATUS**

1.     As this Court is aware, the Defendants Brian Scott McGee and Jeremy Christian Harrison are charged by information with misdemeanor offenses related to crimes that occurred at the United States Capitol on January 6, 2021, including violations of 18 U.S.C. § 1752(a)(1), Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful

Authority; 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2)(D), Violent Entry and Disorderly Conduct in the Capitol Grounds or Buildings; and 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in any of the Capitol Buildings.

The Government is seeking exclusion of additional speedy trial time based on the following: (1) the United States has provided the majority of individualized discovery to Defendants, though it continues to provide global discovery generated from other sources; (2) after disclosure of the bulk of discovery, the Government extended plea offers to Defendants with an initial expiration date of June 9, 2023; (3) Defendant Jeremy Christian Harrison requested an extension of the expiration date until June 16, 2023, and the Government agreed to that extension; (4) the Government and Defendants' counsel are still engaged in negotiations regarding the plea offers; and (5) should those negotiations not be successful, the Defendants and the Government will further need reasonable time necessary to prepare for trial.

To date, the Government has provided the majority of the most relevant individualized discovery to both defense counsel. The Government is also continuing to provide global discovery in the form of evidence from other charged defendants' devices, social media accounts, and other sources which have not yet been identified or examined, the latest of which was disclosed on May 10, 2023 (Global Disclosure No. 27). The Government extended plea offers to Defendants on May 8, 2023; the Defendants and the Government are now engaged in negotiations concerning those offers. The Government is requesting a continuance of the status hearing currently scheduled for June 2, 2023, which the parties request occur by video conference. The parties are available at the following times:

- June 19, 2023, all day except 1:15 p.m. - 2:45 p.m.;

- June 21, 2023, all day except 2:00 p.m. - 3:15 p.m.; and

- June 22, 2023, all day except 10:45 a.m. -12:00 p.m.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to the tolling of the Speedy Trial Act, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the

3

>reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests-of-justice finding is within the discretion of the Court.  *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The need for a reasonable time to continue to review voluminous discovery produced is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to exclude the time under the Speedy Trial Act.  *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). The parties would also like additional time to review and negotiate the terms of the plea offer. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the Defendants in a speedy trial.

Government's counsel notified Defendants' counsel of the filing of this motion and both counsel are unopposed.

WHEREFORE, the Government respectfully requests that this Court continue the status hearing currently scheduled for June 2, 2023.  The Government further requests that the Court toll exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, the time from the date this Court enters an Order on this motion through and including the date of the next hearing, on the basis that the ends of justice served by taking such actions

outweigh the best interest of the public and Defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  The parties also request that the next status hearing be conducted by videoconference, if possible.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052


        By:   /s/ *Melanie Krebs-Pilotti*
        MELANIE KREBS-PILOTTI
        CA Bar No. 241484
        Trial Attorney, Antitrust Division
        Detailed to D.C. United States Attorney's Office
        601 D St., N.W.
        Washington, D.C. 20530
        Tel. No. 202-870-7457
        Melanie.krebs-pilotti2@usdoj.gov